UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASMINE K., | ) |
| | ) CASE NO. C20-0728-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER RE: SOCIAL SECURITY |
| ANDREW M. SAUL, | ) DISABILITY APPEAL |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1997.[1] She has a high school diploma and no significant work experience. (AR 172.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -1

Plaintiff applied for SSI in March 2017. (AR 201-07.) That application was denied and Plaintiff timely requested a hearing. (AR 108-16, 120-29.)

On February 25, 2019, ALJ Raymond Souza held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 54-74.) On April 3, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 37-47.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on March 24, 2020 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. (AR 39.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's Ehler's Danlos Syndrome, fibromyalgia, sleep disorder, Graves' disease, Hashimoto's thyroid, anxiety, and depression. (AR 39.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 39-41.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must

assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of performing sedentary work with additional limitations: she can never climb ladders, ropes, or scaffolds.  She can occasionally stoop, crouch, kneel, crawl, and climb ramps or stairs.  She cannot be exposed to hazardous machinery, unprotected heights, or respiratory irritants such as fumes, odors, dusts, and gases.  She can remember, understand, and carry out simple and routine instructions and tasks consistent with jobs at the specific vocational preparation level 1 or 2.  She cannot work with strict production quotas, but can work with an emphasis on a per-shift, rather than per-hour, basis.  (AR 41.)

Because Plaintiff has no past relevant work (AR 46), the ALJ moved on to step five, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as final assembler.  (AR 46-47.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting her subjective symptom testimony, (2) assessing certain medical opinions, and (3) failing to show that she can perform work that exists in significant numbers. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's allegations because (1) Plaintiff had minimal treatment for her Ehler's Danlos syndrome and fibromyalgia, experienced improvement of her thyroid conditions, and had many normal physical examinations; and (2) the record contains many unremarkable mental status examinations and Plaintiff did not take any medication to manage her mental symptoms. (AR 42-44.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends that the ALJ failed to provide any specific reasons to discount her allegations, but instead merely summarized the record. Dkt. 16 at 16-17. The Court disagrees. As described above, the ALJ relied on the evidence of Plaintiff's minimal treatment for some conditions and improvement with other conditions, as well as Plaintiff's multiple normal physical examinations, in order to discount Plaintiff's allegations of disabling limitations caused by her physical conditions:

> In reviewing the claimant's medical record, the undersigned notes that there is minimal treatment for Ehler's Danlos Syndrome or fibromyalgia and only one documented instance of tender points on exam in May 2017, with otherwise normal physical exams. [(AR 429.)] It appears that her thyroid condition became more controlled and stab[le] in 2018. [(AR 701.)] Nevertheless, in deference to her ongoing pain and fatigue, the undersigned limits the claimant to performing sedentary work with postural and environmental limitations to

accommodate her symptoms, including nausea, headaches, and joint pain. (AR 43-44.) These are clear and convincing reasons to discount Plaintiff's description of disabling physical limitations. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting subjective pain complaints where petitioner's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received").

The ALJ also explained that he found that Plaintiff's mental limitations were not disabling in light of evidence that her symptoms improved with therapy and were not treated with medication, and because she "regularly had unremarkable mental status exams." (AR 44.) These are, again, clear and convincing reasons to discount Plaintiff's allegations of mental limitations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) ("The record reflects that Tommasetti responded favorably to conservative treatment including physical therapy and the use of anti-inflammatory medication, a transcutaneous electrical nerve stimulation unit, and a lumbosacral corset. Such a response to conservative treatment undermines Tommasetti's reports regarding the disabling nature of his pain."); *Meanel*, 172 F.3d at 1114.

Because the ALJ provided multiple valid reasons to discount Plaintiff's allegations of disabling physical and mental limitations, the Court affirms this portion of the ALJ's decision.

///

Medical evidence

Plaintiff contends that the ALJ erred in assessing opinions written by treating physician Remi Gavello, M.D., and examining psychiatrist Rejoice Opara, M.D. The Court will consider each disputed opinion in turn.

Legal standards

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[2] Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Dr. Gavello

Dr. Gavello began treating Plaintiff in 2013 and completed a checkbox opinion in September 2017, describing Plaintiff's limitations. (AR 546-48.) The ALJ summarized Dr. Gavello's opinion and explained that he gave "some weight" to it, crediting Dr. Gavello's indicating that Plaintiff was limited to sedentary work and that Plaintiff's pain caused some concentration limitations. (AR 44-45.) The ALJ indicated that he discounted other parts of

---

[2] Because Plaintiff filed disability applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 416.927 apply to the ALJ's consideration of medical opinions.

Dr. Gavello's opinion in light of psychological testing showing that Plaintiff could maintain sufficient concentration and pace to meet the demands of unskilled work, and because Dr. Gavello's opinion "tends to rely more on the claimant's subjective complaints and is speculative regarding absences." (AR 45.)

Plaintiff argues that the ALJ erred in finding that Dr. Gavello's opinion was based on subjective reports without acknowledging Dr. Gavello's own explanation of the basis of her opinion. (*See* AR 548 (Dr. Gavello writes her opinion is based on "clinical observation, testing, consults from rheumatologist").) The Court agrees. Given that Dr. Gavello had been treating Plaintiff for a number of years and cited objective foundation for her opinion, the ALJ's finding that Dr. Gavello's opinion "tends to rely more on" Plaintiff's subjective complaints is not legitimate. Furthermore, the ALJ did not identify any part of Dr. Gavello's opinion that was based on subjective complaints, and thus this reasoning is not sufficiently specific.

Plaintiff also contends that the ALJ erred in finding a contradiction between Dr. Gavello's opinion that the deficits in Plaintiff's concentration, persistence and pace would be marked to severe and Dr. Opara's psychological testing because Dr. Opara's conclusions in fact corroborate rather than contradict Dr. Gavello's opinion. Dkt. 16 at 11-12. Indeed, Dr. Opara opined that Plaintiff was "limited" in her ability to perform work duties at a sufficient pace, maintain attendance, or complete a normal workday without interruptions. (AR 556.) The ALJ thus inaccurately summarized Dr. Opara's opinion as indicating that Plaintiff "could maintain sufficient concentration and pace to perform unskilled work." (AR 45.) Thus, this line of the ALJ's reasoning is not legitimate.

To the extent that the ALJ discounted Dr. Gavello's opinion regarding absences as "speculative," the Court agrees with Plaintiff that any estimation of absences requires some degree of speculation, but the record does contain evidence of Plaintiff's absenteeism (see AR 333-43) while she was attending school and Dr. Gavello herself wrote a note to excuse Plaintiff's school absences. (AR 581.) Although the Commissioner asserts that these absences may not have been medically necessary (Dkt. 18 at 10), nothing in Dr. Gavello's treatment notes suggests as much. Because the ALJ's rejection of Dr. Gavello's absenteeism opinion appears to be based on sheer disbelief rather than a legitimate rationale for discounting, the Court finds this line of reasoning to be erroneous. *See Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) ("Sheer disbelief is no substitute for substantial evidence.").

On remand[3], the ALJ shall reconsider Dr. Gavello's opinion and either credit it or provide legally sufficient reasons to discount it.

Dr. Opara

In August 2017 Dr. Opara examined Plaintiff and wrote a narrative report describing her symptoms and limitations. (AR 551-56.) As described above, Dr. Opara opined that Plaintiff was "limited" in her ability to perform work duties at a sufficient pace, maintain attendance, or complete a normal workday without interruptions. (AR 556.) The ALJ indicated that he found Dr. Opara's opinion to be consistent with the treatment records and therefore gave it "great weight." (AR 45.)

Plaintiff argues that the ALJ erred in purportedly crediting Dr. Opara's opinion but

---

[3] Although Plaintiff requests a remand for a finding of disability, she has not shown that this extraordinary remedy is appropriate here. Accordingly, the Court remands this matter for further proceedings.

failing to explain how he accounted for the limitations (listed above) that Dr. Opara indicated. The Commissioner responds that the ALJ reasonably discounted the vague and inconsistent portions of Dr. Opara's opinion (Dkt. 18 at 10-11), but this argument is not grounded in the ALJ's decision. It may well be that Dr. Opara's opinion could be reasonably characterized as vague and internally inconsistent, and could be discounted on that basis, but the ALJ did not find that Dr. Opara's opinion was vague or inconsistent, or provide any reason to discount any portion of Dr. Opara's opinion. (*See* AR 45.) Because the Court is constrained to review the ALJ's decision as written, *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and the ALJ provided no reason to discount any portion of Dr. Opara's opinion, the Court finds that the ALJ erred in purporting to credit Dr. Opara's opinion without accounting for all of the limitations she indicated in the RFC assessment. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

On remand, the ALJ should reconsider Dr. Opara's opinion and either credit it or provide legally sufficient reasons to discount it.

Because the ALJ must reconsider the opinions of Drs. Gavello and Opara on remand, and as a result may reformulate Plaintiff's RFC assessment and enter new step-five findings, the Court need not address Plaintiff's argument regarding the sufficiency of the step-five findings in the current decision at this time.

//

//

//

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 15th day of March, 2021.

Mary Alice Theiler
United States Magistrate Judge